Henry Clay BURKS, Appellant,

v.

John B. BRECKINRIDGE, Attorney General, Commonwealth of Kentucky, et al., Appellees.

No. 15115.

United States Court of Appeals
Sixth Circuit.

June 15, 1963.

Henry Clay Burks, in pro. per.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, Ky., for appellees.

Before CECIL, Chief Judge, DARR, Senior District Judge, and BOYD, District Judge.

## ORDER.

This cause came on for hearing upon the briefs of appellant, pro se and counsel for the appellees, the District Court for the Western District of Kentucky having dismissed for lack of jurisdiction the appellant's petition for habeas corpus upon the ground that appellant had failed to exhaust his state remedies,[1] including his failure to perfect a direct appeal from his conviction in the state court for armed robbery;

And it appearing that failure to exhaust past remedies as a bar to jurisdiction in this case is inconsistent with the United States Supreme Court holding in Edward M. Fay, et al. v. Charles Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837

---

1. Title 28, U.S.C.
   "§ 2254. State custody; remedies in State Courts
   "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
   "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

(1963), decided since the District Court's consideration of the within petition;

It is hereby ordered and adjudged that the judgment of the District Court be vacated and the cause remanded for reconsideration of any jurisdictional question in the light of Edward M. Fay v. Charles Noia, supra, and for decision upon the merits in the event no state remedies were open to the appellant at the time of the filing of his application for relief.